ANNA M. BUTLER, RESPONDENT, v. HANNAH SWEITZER, APPELLANT.

Submitted October 29, 1926—Decided January 31, 1927.

When a cause is submitted to this court on briefs in lieu of oral argument, and the appellant does not file his brief with the sergeant-at-arms within the time limited by rule 35 as amended, the appeal shall be considered to be abandoned and may be dismissed on motion of the respondent, or the judgment may be affirmed if the cause be argued for the respondent on brief duly filed; judgment in this case affirmed.

On appeal from the Supreme Court.

For the respondent, *Robert Peacock*.

PER CURIAM.

This case is not entitled as above, but as Butler, defendant in error, *v.* Sweitzer, plaintiff in error. Writs of error in civil cases were abolished and appeals substituted therefor in 1912. Practice act (1912), *Pamph. L., p.* 377. The case should have been entitled as it appears at the head of this opinion.

The defendant properly filed her notice of appeal in the Supreme Court; but instead of filing grounds of appeal in this court she filed "reasons why a new trial should not be granted." And they contained two reasons which could only be submitted to the trial court on rule to show cause. They were—(1) because the verdict was against the weight of evidence, and (2) because the amount of the verdict was excessive. It has been decided over and over again that an appellate tribunal has no cognizance over such points. The third reason, because the court admitted certain testimony over objection, is a matter of appellate cognizance; and while the fourth and last reason, because the verdict was against the charge of the court, is a matter of appellate cognizance when properly specified, nevertheless, as this reason is not specific and points out nothing wherein the charge of the court was erroneous, it would not be considered, even if argued. See *Valenti* v. *Blessington,* 96 *N. J. L.* 498; *Abbe* v. *Erie Railroad Co.,* 97 *Id.* 212. This left the third "reason," the only one available to the defendant-appellant, but it is not argued.

This action was one in the Supreme Court in which the plaintiff had a verdict and judgment thereon. Defendant appealed to this court. The cause was listed for hearing at the October term, 1926, and, on the call of the list on the opening day, it was announced that it would be submitted on briefs, by consent.

Rule 20 of this court provides that cases may be submitted on points and citation of authorities (briefs) without oral

argument, in the manner prescribed by rule 35. And rule 35 (as amended December 19th, 1924) provides that in all cases to be submitted on briefs, if the briefs are filed with the sergeant-at-arms within ten days from the first day of the term, the cases so submitted will be considered and decided on such brief or briefs as shall have been filed within the time so specified; provided, that if no brief be filed within the time aforesaid by the appellant, the appeal shall be considered to be abandoned.

No brief was filed for the defendant-appellant within the time limited by the rule, or at any other time. Counsel for the plaintiff-respondent, however, filed a brief for her within time. In this situation the plaintiff-respondent could have moved for dismissal of the appeal; but not having done so, the court may either dismiss the appeal or affirm the judgment.

The submitting of a case on briefs is substituting a written, for an oral, argument; and as the cause in this court has been argued on brief on behalf of the plaintiff-respondent, the judgment may be affirmed, and such will be the order. See *Eisberg* v. *Cliffside Park,* 98 *N. J. L.* 260 (at *p.* 261).

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 13.

*For reversal*—None.